WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Roger Chantel, et al., | No. CV-17-08024-PCT-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Mohave Electric Cooperative Incorporated, et al., | |
| Defendants. | |

Pending before this Court are: Plaintiffs' Notice to Respond and Amendanment (sic) to Complaint which this Court elects to treat as a motion to recuse (Doc. 6), and Plaintiffs' Amended Complaint (Doc. 5), which the Plaintiffs have submitted in Response to the Court's Order dismissing their previous complaint in this action (Doc. 4). The Court rules on those motions as follows:

To the extent Plaintiffs' Notice to Respond (Doc. 6) is intended to be a motion to recuse the motion is denied.[1] Plaintiff's motion is based on this Court's rulings either in this case, or previous cases brought by Plaintiff involving the same subject matter. It thus provides no justification for recusal. Disqualifying bias or prejudice must stem from something other than "information and beliefs" the judge "acquired while acting in his or her judicial capacity." *United States v. McTiernan,* 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Frias-Ramirez,* 670 F.2d 849, 853 n.6 (9th Cir. 1982)); *accord*

---

[1] It does not appear that Plaintiffs' notice was brought pursuant to either 28 U.S.C. § 455 or 28 U.S.C. § 144 although the Plaintiffs do suggest that the Court's actions demonstrate bias in favor of criminal activity which they allege is being committed by the Defendants.

*United States v. Wilkerson,* 208 F.3d 794, 799 (9th Cir. 2000).  A judge's adverse rulings during the course of proceedings in which disqualification is sought, or in related proceedings, do not constitute a valid basis for the judge's disqualification. *Liteky v. United States,* 510 U.S. 540, 555 (1995); *In re Marshall,* 721 F.3d 1032, 1043 (9th Cir. 2013).  Thus, Plaintiffs' argument that this Court demonstrated bias when it referred to Judge Logan's reasoning for dismissing their previous action as frivolous is not a basis on which they can seek to recuse this Court.

In any event, in its previous Order this Court ordered the Plaintiffs to set forth the basis on which this Court had jurisdiction over their claims against Defendants.  This Court is a court of limited jurisdiction and just because Plaintiffs may have a basis for some claims based on state law against Defendants does not mean that they have a basis for bringing such claims in this Court.  Plaintiffs have failed to make allegations suggesting that either (1) their attempt to have their electricity reconnected, (2) their claim for trespass against the cooperative, or (3) a claim for damages resulting from the termination of their electrical service amounts to a claim based on federal law.  They have further failed to make allegations sufficient to suggest that they have diversity jurisdiction over the Defendants.

Plaintiffs set forth, as the basis for their jurisdictional claim, the statute that specifies that "the district court in which a case under title 11 (bankruptcy) is commenced or is pending shall have exclusive jurisdiction" over the property of a bankruptcy estate.  Nevertheless, Plaintiffs' bankruptcy action that involves the Defendants as debtors is over and Plaintiffs have filed an appeal with the Bankruptcy Appellate Panel (BAP) of the Ninth Circuit Court of Appeals.  This Court granted Plaintiffs' *in forma pauperis* request to bring such an appeal.  Once Plaintiffs have completed their case in the bankruptcy court and filed their appeal with the BAP, the BAP has jurisdiction of these issues.  28 U.S.C. § 158(c).  This Court does not have jurisdiction to hear either their bankruptcy appeal or further claims against the same Defendants for which there is no federal jurisdiction.  Plaintiffs in their Response acknowledge that they are raising these very

issues at the BAP  (Doc. 6 at 3-4).

The Court has previously explained this to Plaintiffs and invited them to submit an amended complaint making appropriate allegations that would suggest that this Court has jurisdiction to hear this matter.  *See* (Doc. 4).  Plaintiffs' Amended Complaint fails to plausibly allege a basis on which this Court would have jurisdiction over their claims.  In fact it is nearly identical to the previously dismissed complaint.   "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N.D. & S.D. v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").  Plaintiffs' Amended Complaint is therefore dismissed without leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiffs' Amended Complaint filed February 27, 2017 (Doc. 5) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiffs' Notice (Doc. 6) to the extent the Court treats it as a motion to recuse is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this matter and enter judgment accordingly.

Dated this 1st day of March, 2017.

_____
Honorable G. Murray Snow
United States District Judge